IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION,
COAL RIVER MOUNTAIN WATCH, and
NATURAL RESOURCES DEFENSE COUNCIL,

                Plaintiffs,

v.                                              CIVIL ACTION NO.  3:03-2281

DANA R. HURST, Colonel, District
Engineer, U. S. Army Corps of Engineers,
Huntington District, and
ROBERT L. VAN ANTWERP, Lieutenant
General, Chief of Engineers and
Commander of the U. S. Army Corps
of Engineers,

                Defendants.

**ORDER**

Pending before the court is the defendants' Motion for Clarification of Memorandum Opinion and Order Dated March 31, 2009 [Docket 230].  In that motion, the defendants, the United States Army Corps of Engineers ("Corps"), seek clarification regarding the scope of the injunction issued in an order filed by this court on March 31, 2009 ("March 31, 2009 Order").  The injunction order reads:

> I **VACATE** NWP 21 (2007) and **REMAND** this matter to the Corps for further proceedings consistent with this opinion.  I **ENJOIN** the Corps from issuing authorizations pursuant to NWP 21 (2007) in the Southern District of West Virginia until the Corps prepares a revised EA or an EIS and also determines that NWP 21 (2007) will not have adverse cumulative impacts as required by CWA § 404(e) and

      **ENJOIN** the Corps and the Intervenors from all activities authorized under NWP 21 (2007).

(Mem. Op. & Order, March 31, 2009 [Docket 229].)  The Corps seeks three points of clarification with respect to that injunction: (1) whether the injunction applies to companies that had not intervened in the case but whose projects were authorized by the Corps under NWP 21 (2007); (2) whether the injunction extends to activities beyond the discharge of dredge and fill material into United States waters; and, (3) whether permittees who have already filled United States waters pursuant to NWP 21 (2007) authorizations are still required to "comply with special conditions of the authorization, including performance of all mitigation, and [whether] the Corps may continue to enforce the terms and special conditions of the authorizations."  (Corps' Mot. Clarification 4.)

      When a party submits a motion after the court issues a final judgment and does so without reference to the Federal Rules of Civil Procedure, "courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment order."  *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995).  In this case, the Corps' motion does not refer to the Federal Rules of Civil Procedure.  Further, the Corps' motion does not express a request for relief from the injunction.[1]  Accordingly, I will construe the Corps' motion as a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).

---

[1]     The Corps has requested a modification of the judgment to require NWP 21 (2007) permittees to continue to comply with special conditions and mitigation obligations imposed by NWP 21 (2007) authorizations.  This request may be interpreted as a limited request for relief under Rule 60(b) to the extent that the Corps seeks to preserve the permittees' special condition and mitigation obligations despite the vacatur of the permit that authorized the imposition of those obligations.  The Corps, however, expressly sought the *modification* of the judgment, which is the type of relief afforded by Rule 59(e).  Moreover, the Corps has not shown that any of the circumstances warranting relief from judgment apply in this case with respect to the special conditions and mitigation requirements.  *See* Fed. R. Civ. P. 60(b).  Accordingly, I will consider the Corps' request for modification with respect to the special conditions and mitigation obligations as a request pursuant to Rule 59(e).

Relief under Rule 59(e) may be granted only under three circumstances: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or, (3) to correct a clear error of law or prevent manifest injustice.'" *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (quoting *Ingle v. Yelton*, 439 f.3d 191, 197 (4th Cir. 2006)). The Corps has not demonstrated that any such circumstances exist. The Corps has neither proffered any intervening controlling law nor any new evidence. Moreover, the Corps has not shown that an ambiguity in the injunction requires clarification in order to prevent manifest injustice. The March 31, 2009 Order is not ambiguous as to the injunction's scope: the injunction applies to the parties before the court, and to activities authorized and conditions imposed by the Corps pursuant to its alleged authority under NWP 21 (2007). Also, the March 31, 2009 Order is not ambiguous as to the vacatur of NWP 21 (2007). To the extent the Corps' motion implicates the proper administration of activities previously authorized under NWP 21 (2007), I am confident that the Corps "is entirely capable of carrying out my unambiguous orders." (Order, August 31, 2004 at 3 [Docket 120].)

The "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation omitted). I **FIND** that the circumstances of this case do not warrant the extraordinary remedy requested by the Corps under Rule 59(e). Accordingly, the Corps' Motion for Clarification [Docket 230] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    April 8, 2009

        _____
        Joseph R. Goodwin, Chief Judge