IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION,
COAL RIVER MOUNTAIN WATCH, and
NATURAL RESOURCES DEFENSE COUNCIL,

                        Plaintiffs,

v.                                          CIVIL ACTION NO.  3:03-2281

DANA R. HURST, Colonel, District
Engineer, U. S. Army Corps of Engineers,
Huntington District, and
ROBERT L. VAN ANTWERP, Lieutenant
General, Chief of Engineers and
Commander of the U. S. Army Corps
of Engineers,

                        Defendants.

**ORDER**

Pending before the court is the defendants' Unopposed Motion for Partial Relief from Order Dated March 31, 2009 [Docket 234].  In the referenced order ("March 2009 Order"), I held that the defendants improperly issued Nationwide Permit 21 in 2007 ("NWP 21 (2007)").  Accordingly, I vacated NWP 21 (2007) and enjoined the parties in this matter from "all activities authorized under NWP 21 (2007)."  (March 2009 Order 62 [Docket 228].)  In the instant motion, the defendants seek partial relief from that injunction pursuant to Federal Rule of Civil Procedure 60(b).  Specifically, the defendants asks this court to lift the injunction to the extent it applies to the defendants' enforcement of special conditions and mitigation requirements which were imposed in connection

with NWP 21 (2007) authorizations.

Under Federal Rule of Civil Procedure 60(b), a "court may relieve a party . . . from a final judgment, order, or proceeding" for several listed reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The defendants have provided several reasons why the requested relief is necessary, including the need to "restore or mitigate the losses of the waters of the United States that had already been filled pursuant to NWP 21 [(2007)] authorizations before the injunction was issued." (Mot. Partial Relief 3-4.)  The defendants hope that my granting the instant motion will allow them to enforce special conditions and mitigation requirements that were originally imposed as part of NWP 21 (2007) authorizations.

I cannot, however, simply lift the injunction and say that the defendants have enforcement authority without reference to the origin of that authority.  The special conditions and mitigation requirements were imposed pursuant to the defendants' authority under NWP 21 (2007) to authorize the discharge of dredge and fill material into United States waters.  But the March 2009 Order vacating NWP 21 (2007) established that the defendants did not in fact have the authority under NWP 21 (2007) to authorize such discharge or to require concomitant special conditions. Therefore, even if I were to lift the injunction with respect to the special conditions and mitigation requirements, the defendants still would not have the authority to enforce those conditions and requirements because the source of their authority to do so has been vacated.  Accordingly, the requested relief from the injunction cannot lead to the desired end result.

The defendants have identified no other form of relief that this court can provide to them other than lifting the injunction.  I note, however, that the March 2009 Order does not restrict the defendants' authority to require mitigation pursuant to law and their own regulations.  Further, this court's injunction does not prevent the companies that received authorizations under NWP 21 (2007)

from voluntarily complying with special conditions and fulfilling mitigation requirements. The March 2009 Order only enjoined parties to the instant litigation and none of the companies that received authorizations under NWP 21 (2007) in the Southern District of West Virginia were parties to this case.

Because partial relief from the injunction issued on March 31, 2009, will not provide the defendants with the relief that they seek and because the defendants can achieve that relief through other means, I **FIND** that requested relief from the March 2009 Order is not justified. Accordingly, the defendants' motion is **DENIED**. The court **DIRECTS** the Clerk to send a certified copy of this Judgment Order to counsel of record and to any unrepresented party.

      ENTER:    May 13, 2009

Joseph R. Goodwin, Chief Judge